**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDDIE L. JOHNSON,<br><br>             Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>             Defendant. | ) NO. CV 07-00987 SS<br>)<br>)<br>) **MEMORANDUM DECISION AND ORDER**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**INTRODUCTION**

Eddie Johnson ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration (hereinafter the "Commissioner" or the "Agency") denying his application for Disability Insurance Benefits ("DIB") benefits. Alternatively, he asks for a remand. The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

**THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him from engaging in substantial gainful activity[1] and that is expected to result in death or to last for a continuous period of at least twelve months. Reddick v. Chater, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. §§ 404.1520, 416.920. The steps are:

(1)  Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

(2)  Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3)  Does the claimant's impairment meet or equal one of list of specific impairments described in 20 C.F.R. Part 404,

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties and is done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910.

         Subpart P, Appendix 1?  If so, the claimant is found disabled.  If not, proceed to step four.

(4)  Is the claimant capable of performing his past work?  If so, the claimant is found not disabled.  If not, proceed to step five.

(5)  Is the claimant able to do any other work?  If not, the claimant is found disabled.  If so, the claimant is found not disabled.

Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citations omitted); 20 C.F.R. §§ 404.1520(b)-(g)(1) & 416.920(b)-(g)(1).

    The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante, 262 F.3d at 953-54.  If, at step four, the claimant meets his burden of establishing an inability to perform past work, the Commissioner must show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into account the claimant's residual functional capacity ("RFC"),[2] age, education, and work experience.  Tackett, 180 F.3d at 1098, 1100; Reddick, 157 F.3d at 721; 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).  The Commissioner may do so by the testimony of a vocational expert or by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R. Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").  Osenbrock v. Apfel, 240

---

[2] Residual functional capacity is "what [one] can still do despite [his] limitations" and represents an "assessment based upon all of the relevant evidence."  20 C.F.R. §§ 404.1545(a), 416.945(a).

F.3d 1157, 1162 (9th Cir. 2001).  When a claimant has both exertional (strength-related) and nonexertional limitations, the Grids are inapplicable and the ALJ must take the testimony of a vocational expert. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720.  It is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id.  To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21.

**DISCUSSION**

**A. The ALJ Failed To Provide Clear And Convincing Reasons For Rejecting Plaintiff's Subjective Pain Testimony**

Whenever an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, as it is here, the ALJ must "make an explicit credibility finding" that is "supported by a specific, cogent reason for the disbelief." Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (internal citations omitted). See also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (implicit finding that claimant was not credible is insufficient). Unless there is affirmative evidence showing that the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.3d at 834.

The ALJ may consider the following factors when weighing the claimant's credibility: (1) her reputation for truthfulness; (2) inconsistencies either in her testimony or between her testimony and her conduct; (3) her daily activities; (4) her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

As long as plaintiff offers evidence of a medical impairment that could reasonably be expected to produce pain, the ALJ may not require the degree of pain to be corroborated by objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991) (en banc); Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). The ALJ may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence. Bunnell, 947 F.2d at 346-47.

In resolving the issue of Plaintiff's credibility, the ALJ wrote as follows:

> I partly credit the claimant's testimony regarding his pain, and I have thus found a residual functional capacity in the reduced range of "light" which is more generous than that [of] the treating or examining doctor [citation omitted] have found. I do not fully credit the claimant as the evidence suggest [sic] he is limiting himself far beyond what the record as a whole would support. [citation omitted].

The ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. First, the reason provided, that the record as a "whole" does not support Plaintiff's pain testimony, is far too generalized to serve as a clear and convincing reason. The ALJ is required to explain what part of the record casts doubt on Plaintiff's credibility, i.e., a "specific, cogent reason" for his disbelief.

1    Second, there is substantial evidence in the record to support
2 Plaintiff's claim of continuing and serious pain. The diagnostic
3 reports (x-rays and MRIs) show advanced arthritic changes of the spine
4 and shoulders. (See AR 184). These reports would support Plaintiff's
5 claim of severe pain. The 2003 MRI would also support Plaintiff's
6 testimony. (AR 174-75; see also AR 171-72, 230, 252-253, 280, 282
7 (additional x-rays and MRIs)). All of these objective tests would
8 support Plaintiff's testimony. As such, the stated reason offered by
9 the ALJ is not supported by the record and cannot constitute a
10 convincing reason for rejecting Plaintiff's testimony. Remand is
11 required.

**B.    Remand is Required To Remedy Defects In The ALJ Decision**

15   Remand for further proceedings is appropriate where additional
16 proceedings could remedy defects in the Commissioner's decision. See
17 Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000); Kail v. Heckler,
18 722 F.2d 1496, 1497 (9th Cir. 1984).

20   Plaintiff's credibility must be reconsidered in the ALJ's
21 assessment of Plaintiff's RFC. In addition, the Court finds that the
22 ALJ must reconsider his RFC, fully considering all of the medical
23 evidence of record. The Court finds that some of the critical objective
24 tests were overlooked by the ALJ in the previous decision. Finally, the
25 ALJ must consider, if determining that Plaintiff can perform other work,
26 whether Plaintiff's limitations prevent him from performing occupations
27 that require frequent or constant reaching.

On remand, the parties shall not be precluded from addressing any issue not resolved by this Court.

**CONCLUSION**

Consistent with the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that judgment be entered REVERSING the decision of the Commissioner and REMANDING this matter for further proceedings consistent with this decision. IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: January 18, 2008.

/S/

_____
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

---

[3] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."